Good morning, Your Honors. I'm John Rhodes from the Missoula Office of the Federal Defenders of Montana. I represent Javier Gonzales. I'm going to focus my argument this morning on 841's requirement that the predicate conviction has become final. When a decision is deferred under plain language, that decision is not final. Under Montana law, what's the finality rule under Montana law? Do we look at all to that? Well, it depends if the court wants to make the issue before it a question of bifurcation. Under state law, he did not complete the terms of his sentence, right? No, Your Honor. If you go to a local or state court and ask for expungement, he wouldn't get it, would he? I would disagree with that, Your Honor. He couldn't complete the terms. Your Honor, the next case that's going to be argued before the court, that's exactly what happened. That's not your case. So I'm just saying, hypothetically, it is possible that the state... I don't think it was a hypothetical question. The question is, in your case, was Mr. Gonzales eligible for expungement or not? Yes, he was eligible. But wasn't there a bench warrant outstanding for his arrest because of the violation of the terms of his three-year supervision? Yes, but the state never acted on his case. But the answer to Judge Beezer's question is, at this point, he hadn't obtained dismissal, and we know that he violated the terms of the deferral, not yet adjudicated, but that that could have prevented him from getting a dismissal if the Montana District Court had said no. The key word being could have. Yes, that's possible. It's also possible that he could have gone into state court and said, look, if you act on the deferred imposition of sentence, it is going to double my federal sentence, and maybe the state judge... Doesn't he have an obligation to get a recorded discharge from the prior conviction in state court before he starts yacking about it in the district court? I mean, that's not for the district court to decide. That's a matter of state law. When you say the district court, you're referring to federal district court. That's right. You're going to take advantage of the argument without going through the hoops. We would have a better case, Your Honor, if the deferred imposition of sentence, if that case had been dismissed. Why don't you go back and talk to the judge in Montana where he was convicted? I didn't handle this case below, Your Honor, so I can't speak to that. With all that said, Your Honor, still, his case remains deferred at the Montana level. Montana says, as I understand it, under the Montana code, a conviction becomes final when the time for appeal to the Montana Supreme Court expires. Is that the factual situation with respect to his conviction? There is a Montana case, Your Honor, that says that you can appeal from a deferred imposition of sentence. Why a defendant would do that, I don't know, but you can appeal, which would mean that it is final for appeal purposes. But there's also the Supreme Court, the United States Supreme Court decision in Berman that says, in order for a conviction to be final, there has to be a sentence. We cited that to the court in our brief. There has to be a sentence. There has to be a sentence, and here, there is no sentence. The sentence was deferred. And so, if you look at it as a question of federal law, if you apply Berman... So what gets entered in the... I mean, we really are wrestling with, is it a question of federal or state law, but under Montana law, what actually happens when the defendant appears before a Montana State District Court judge and the prosecution agrees to the deferral or is eligible for the deferral? The judge defers the imposition of sentence. And how does he do that? And that is the order of the court, that it's not imposing a final sentence. The court's going to defer the imposition. So it's not a judgment? Is that what you're saying? It's simply an order of deferral? I believe it is a judgment under Montana law. And not on the sentence, right? Correct. So he's deemed to have been convicted, and if he doesn't appeal within whatever the time period is provided by Montana appellate rules, as far as Montana state courts are concerned, it is a final conviction. There is a Montana case that says that if you don't appeal within the appellate filing period, you can't later try to have a direct appeal. Right. Nonetheless... What he can do is to get us back to the question we started. But the only thing he can do is to come back at the end of the three-year period of deferral and ask that the conviction be set aside because he's complied with the terms of the deferral. Correct. It's actually a more intricate process. Just in terms of the initial question, the client's understanding, as you explained to them, you are on probation. If you comply with all the conditions, you can come back after three years. Be careful with the wording, Counselor, because probation has a very specific meaning under federal law that it may or may not have. A term of probation is a sentence, as far as federal courts are concerned. That is correct. I'm just saying how it's explained to the client in terms of they're on this probationary period. You've got to keep your nose out of it. Yes. After three years, they can go in. They actually ask to withdraw their guilty plea, and the case is dismissed. That's what happens if they successfully benefit from the deferred imposition of sentence. And your argument is maybe it's the next case. The dismissal is even more than just a mere expungement? Correct. It's as though it never happened because if you look at the Dickerson case, and there the Supreme Court talked about a plea and the importance of that. In Iowa, which was the underlying state law at issue in Dickerson, when you went through their expungement process, you never got to withdraw your guilty plea. But in Montana, that is how a successful deferred imposition of sentence ends up. So then what happens? Does the court enter an order vacating the prior conviction if it grants the defendant's motion? We cited the controlling statutory law in our reply brief, and the court dismisses the case, period. But getting back to the fact that when a decision is deferred, it's not final. I think we have that pretty well in mind, But can you turn to the question of whether this entire issue is a matter of federal law as opposed to state law for us to apply? I think in the Ninth Circuit, that's an open question. There's been some language saying that perhaps Dickerson's ruling that it's a question of federal law still applies. We think that if it's a question of federal law, A, Berman says that in order for a conviction to be final, there has to be a sentence. And the sentence in this case was deferred. Second, if it's a question of federal law and it's not a clear language interpretation, then it's ambiguous. And because it's ambiguous under the rule of lenity, the benefit should inure to Mr. Gonzalez, and the state predicate should not double his federal sentence. I'd like to reserve my last two minutes. Thank you. Good morning, Your Honors. My name is Josh Vandewetter, and I'm an assistant United States attorney in the Missoula office of the District of Montana. And I will suggest right out of the chutes that federal law is the law to apply. In fact, Dickerson, I think, controls this case really from top to bottom in its very clear language of what is a conviction. And I'll quote from Dickerson where they explain, A plea of guilty is itself a conviction, and like a verdict of a jury, it is conclusive. Here, Mr. Gonzalez never appealed his conviction. His time for appealing ran. He has, as the Third Circuit case says, the fact of a final conviction. He actually did this prior crime, and therefore his conviction is final under federal law. And I think Dickerson is clear on the point because it wants to avoid these sorts of issues. Interestingly, as counsel points out in his brief, following Dickerson, Congress stepped in and chose to change that status under Dickerson. Congress easily could have done that in the 841 context also. They could have said we're going to defer to a state understanding of what a final conviction is for purposes of 851 enhancement. They did not do that. Congress let stand 851 and Dickerson's and his progeny's implication in that case. So it is an open question in this circuit in terms that this circuit has not applied Dickerson in the 841 context, but I would suggest to this panel that Dickerson controls. And it's only an open question because this court hasn't ruled on that authority. So you would limit the congressional action in response to Dickerson, which it clearly was, right? The legislative history says that's why we're doing it. Right. To the firearms arena only? That's exactly right, Your Honor, because they placed that change in the firearms statute. They did not place any similar change in the 841 statute. And I think even reading 841, the policy behind 841 is clear. If you've committed a drug crime before and haven't learned your lesson, we're going to enhance your punishment when you do this again. And for both of my cases with this issue today, neither of these defendants has disputes that he committed that crime before. This is not a case where a defendant is convicted at trial or enters a guilty plea and challenges, has a defense to the underlying conviction. It's the sentence that is deferred. So under your analysis, I understand it doesn't make any difference whether or not he's satisfactorily completed the terms of his trial. That's exactly right, Your Honor. It doesn't matter. We don't need to look to state law for what it is. The fact that he entered a guilty plea, the fact that he did not appeal his conviction settles the case under Dickerson. Gonzales, I agree with Mr. Rhodes, Gonzales would be a lot better for Mr. Rhodes and is a good case for me because, in fact, he did not go into state court and have his sentence expunged. That guilty plea still stands for Mr. Gonzales. And even if this panel were to rule against me on the federal question, I think that would do in Gonzales as well because his conviction is still there. It has not been expunged under state law. Well, there is a notion in the cases, is there not, that whatever the states are doing with regard to setting aside or expunging prior convictions for federal sentencing purposes, it doesn't wipe out the historical fact of the prior drug trafficking conviction. That's exactly right, and I think that's the underlying point of 841 and of Dickerson. We're looking at what is Congress looking at. In the Dickerson context, we're talking about whether or not we're going to license somebody to sell firearms. Well, we'll just look at what the states decide. In the 841 context, though, where Congress very clearly is punishing harshly drug offenses and especially repeat drug offenses, the question is, have you done this before? If you've learned your lesson, fine. But if you've done it before and you're doing it again, now we're going to punish you more harshly because that's the policy of the United States is to go after drug crimes. Well, isn't the whole purpose of the deferral, as I understand it, is basically to give a defendant a second chance the first time he gets caught? Certainly for purposes of state law. And Montana is, everything Mr. Rhodes says is correct about Montana's very liberal use of that deferral. They intend to wipe that off the record. But I don't think Montana can control the federal law in that regard. It's certainly a chance to give somebody a second chance. And you have a conviction, of course, affects a person in lots of ways beyond just enhancing a later sentence. It affects all kinds of civil remedies. A Montana statute certainly allows defendants to have that second chance to get business licenses to own firearms under Montana law. But that does not control, I think, this case because it's federal law which controls. Okay. Thank you. Thank you, Your Honor. The government's resting a lot of its case on Dickerson. And in Dickerson, the has become final language wasn't there. And also in terms of the plea of guilty being the end all in terms of the conviction, as I said, Dickerson was Iowa law, and Iowa law never permits you to withdraw your plea of guilty, which is the Montana deferred process. The Supreme Court in Dickerson did talk about this notion, which I find a little odd, that the fact that the jury returned a verdict of guilty essentially is a conviction, whereas I've always thought that it wasn't until the court actually formally sentenced the defendant and entered a criminal judgment against him that we could say he was convicted. And it's also quite odd. You need to look no further than Ken Lay. You're not convicted in a difference context until your appeal period is read. Or if you happen to die in the meantime, it never happened. Yeah, so he's not convicted. Yeah. In terms of Dickerson, the court has most carefully analyzed it in Lujan-Almeidares. And that case emphasized that Dickerson involved a different statute than Lujan, which dealt with immigration law, and that the statute in Dickerson was not modified as the statute was in Lujan and as the statute is here. And finally, very importantly, in Lujan, in 1996, as part of the overhaul of immigration law, Congress redefined conviction to include deferred adjudication processes. And that shows that if Congress intended has become final to apply to deferred impositions of sentence, it knows how to go about doing that. What do you do with our language in Brebner, which basically is the historical fact problem? I mean, Washington, which was the expungement statute at issue in Brebner, is also very liberal, like Montana. But Judge Hugg, writing for our court, basically made it clear that that historical fact, for purposes of federal evaluation, is what counts. And we really don't care what the states call it after the fact. The court has to care about language. But that is our court. That's what I'm trying to say. I mean, we've got prior precedent of the Ninth Circuit that suggests to me that Dickerson does have continued viability, notwithstanding the congressional action. And the key word there is suggest. I think the court has never squarely ruled on the continuing effect of Dickerson. And so that may be an issue. Brebner relied on Dickerson in finding that the prior Washington conviction counted, did it not? Yeah, but Washington didn't have the same deferred imposition of sentence, which, as I say, is crucial in terms of is that final? But if it's a question of federal law, I realize we're kind of back to the point of beginning here, but if it's a question of federal law, the fact that there are differences in procedure between Montana and Washington shouldn't make a difference, should it? Because what we're trying to do is have a uniform rule that applies nationwide. Well, unfortunately, that's one of the difficulties of having a federal system. And still the court has to interpret the language at issue. And that's what's so important in Dickerson. There was no modifier. There was no word final. Final means something, and it doesn't just mean appeal. It has to mean, well, in our opinion, it means more, because when you have a deferred sentence, it's not a final sentence. Okay. I think we have the argument. Thank you. Thank you to both counsel. Interesting case. The case argued is submitted.
judges: Beezer, Fisher, Tallman